IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs February 8, 2005

## MICHAEL HOLMAN v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Marshall County**
**No. 16030     Charles Lee, Judge**

_____

**No. M2004-02006-CCA-R3-PC - Filed February 28, 2005**

_____

The petitioner, Michael Holman, appeals the Marshall County Circuit Court's denial of his petition for post-conviction relief from his conviction of possession of one-half gram or more of cocaine with intent to deliver and sentence of twenty years. This court affirmed the judgment of conviction. See State v. Michael Andrae Holman, M2002-01471-CCA-R3-CD, Marshall County (Tenn. Crim. App. July 23, 2003). The petitioner claims that he received the ineffective assistance of counsel because his trial attorney failed (1) to interview and subpoena witnesses adequately; (2) to obtain phone records and motel documents; (3) to contact witnesses who could provide the petitioner with an alibi defense; (4) to cross-examine the informant and co-defendant thoroughly; (5) to argue sufficiently that the petitioner could not have been in constructive possession of the drugs found; and (6) to prepare adequately for trial. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOSEPH M. TIPTON, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and J. C. MCLIN, JJ., joined.

Karla D. Ogle, Fayetteville, Tennessee, for the appellant, Michael Holman.

Paul G. Summers, Attorney General and Reporter; Rachel E. Willis, Assistant Attorney General; William Michael McCown, District Attorney General; and Weakley E. Barnard, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

This court's opinion in the petitioner's appeal of his conviction states the following facts:

On April 18, 2001, Marshall County sheriff's deputies, as a result of information provided by a confidential informant, arrested Defendant for possession of cocaine with intent to sell or deliver. The confidential informant, Sandra Little Sanders, testified at trial that she

saw Defendant on April 17, 2001, at approximately 7:30 p.m., at her friend Trisha Johnson's house. Defendant asked Ms. Sanders to arrange buyers to whom he could sell some crack cocaine. She contacted two or three people that night who bought crack cocaine from Defendant. In exchange, Defendant gave her about $60 worth of crack cocaine, which she smoked that night. Later that same night, Ms. Sanders saw Defendant at Ricky Crutcher's motel room at the Celebration Inn in Lewisburg. Defendant told Ms. Sanders that he was going to transport some crack cocaine from Nashville to Lewisburg the following day, and she agreed to attempt to sell some of it for him.

At around 8:00 a.m. on the morning of April 18, 2001, Ms. Sanders called Captain Norman Dalton of the Marshall County Sheriff's Department to inform him that Defendant was planning to drive from Nashville to Lewisburg that day to sell crack cocaine. Captain Dalton knew that Defendant drove a teal green 1994 Mustang. In response to Ms. Sanders' telephone call, Captain Dalton went to the Celebration Inn and verified that Ricky Crutcher had stayed at the motel the previous night. Captain Dalton knew Mr. Crutcher and knew that he lived in Lewisburg. Shortly before 11:00 a.m., Defendant called Ms. Sanders and said that he would be in Lewisburg shortly. Ms. Sanders in turn called Captain Dalton. Captain Dalton assigned officers to set up observation points on Highways 50 and 431, two main routes into Lewisburg from Nashville.

Detective Kevin Clark of the Marshall County Sheriff's Department was assigned to watch for Defendant's vehicle at the Highway 50 exit ramp off Interstate 65. He observed two people in a vehicle matching the description of Defendant's vehicle. Detective Clark radioed Captain Dalton, saying that he had spotted Defendant exiting the interstate and there were two subjects in the car. Detective Clark followed the vehicle along Highway 50 into Marshall County. Detective Dalton saw Defendant as he approached the intersection of Highways 50 and 431. He recognized Defendant as the driver and advised Detective Clark and the other officers to stop the vehicle.

The passenger and codefendant, Antione Bridges, [were] searched, and the police found pills and two bags of cocaine in his jacket pockets. One bag was larger than the other. Police officers also seized two cellular phones and digital scales from the back floor board of Defendant's vehicle. They did not find any other drug

paraphernalia in the vehicle or on Defendant or Bridges. Defendant told the police that he was going to Lewisburg to pay a fine. Police officers did not find any money on Defendant. Defendant's driver's license had been issued that day.

. . . .

Mr. Bridges testified that he had known Defendant for about eleven years. On April 18, 2001, he rode with Defendant from Nashville to Lewisburg for the purpose of selling crack cocaine. They expected to make more money selling drugs in Lewisburg than in Nashville. Bridges gave a statement to the police, stating that he bought 5 grams of cocaine in Nashville, which he was taking to Lewisburg to sell. Bridges testified that before leaving Nashville, they stopped at Defendant's apartment to get Defendant's bag of cocaine, which was the larger of the two bags, weighing 22.91 grams. He also testified that the scales belonged to Defendant. When they left Nashville, Defendant had the larger bag of cocaine in his pocket. When they exited I-65 onto the highway, an unmarked police car pulled them over. Defendant handed the bag to Bridges and told him to hold it, explaining that Defendant had a valid driver's license and they would not be searched. Bridges put the bag of cocaine in a different pocket from the one containing his bag.

Id. at 1-3. A jury convicted the petitioner of two counts of possession of one-half grams or more of cocaine with intent to deliver. The trial court merged count two with count one and sentenced the petitioner to twenty years as a Range II, multiple offender.

At the post-conviction hearing, the petitioner's trial attorney testified that he worked for the Public Defender's Office and that, at the time of the hearing, he had been employed in that position for approximately eight years. He said that he provided the petitioner with copies of the records relating to the petitioner's case and that he received input from the petitioner from the beginning of the case. He said that he sent his investigator to the motel to review the motel records but that no copies of the records were made. He said the petitioner was present at all court proceedings.

The attorney testified that the state presented its entire case at the suppression hearing, giving him the benefit of having the witnesses' sworn testimony in a transcript before trial. He said that he performed a background check on the confidential informant and that he met with the co-defendant following his plea acceptance hearing. He said that he did not subpoena Ricky Crutcher because he would have testified that the petitioner was a drug dealer.

The attorney testified that he gave the petitioner the best advice he had. He said he explained to the petitioner the elements of the crime charged, any applicable lesser included offenses, and any

sentencing enhancement factors that may have applied. He said that he explained to the petitioner the choice to testify was his and that the petitioner chose not to testify. He said that he reviewed the jury instructions before they were given to the jury and that, at his request, the trial court added instructions regarding accomplice testimony and the lesser included offense of simple possession or casual exchange.

The petitioner testified that he had problems with his trial attorney because the attorney would not address the issues he wanted addressed. The petitioner admitted, however, that he never indicated to the court that he had a problem with the representation he was receiving from the attorney. The petitioner also admitted understanding his case.

On cross-examination, the petitioner testified that he wanted his probation officer to testify at his trial because he could have corroborated the fact that the petitioner was not at the motel. He said that the testimony of his cousin, Aaron Churchwell, would have allowed him to impeach his co-defendant's testimony.

In its order denying post-conviction relief, the trial court addressed only the petitioner's claims that his attorney failed to interview or subpoena witnesses whose testimony would have been beneficial to his case and failed to prepare adequately for trial. The trial court stated in its ruling that the petitioner must present testimony which shows that "there was not a good tactical reason for not calling that particular witness, or the witness had information that should have been known to counsel that would have affected the outcome of the trial." The petitioner presented no such testimony. Regarding the petitioner's claim that his attorney failed to prepare adequately, the trial court accredited the attorney's testimony that he put forward the best defense available at the time and found that the petitioner received the effective assistance of counsel.

In addition to his claim that his attorney was ineffective for failing to interview or subpoena witnesses and prepare adequately for trial, the petitioner contends that his attorney should have obtained phone records to show whether or not he made calls to the confidential informant and Ricky Crutcher and motel documents to show who rented the motel room. He also claims that his attorney failed to cross-examine the informant and co-defendant sufficiently. Finally, the petitioner claims that his attorney failed to argue sufficiently that petitioner could not have been in constructive possession of the drugs found. The state argues that the petitioner received the effective assistance of counsel. We agree with the state.

In a post-conviction case, the burden is on the petitioner to prove by clear and convincing evidence his grounds for relief. T.C.A. § 40-30-110(f). On appeal, we are bound by the trial court's findings of fact unless we conclude that the evidence in the record preponderates against those findings. Fields v. State, 40 S.W.3d 450, 456 (Tenn. 2001). We review the trial court's conclusions as to whether counsel's performance was deficient and whether that deficiency was prejudicial under a de novo standard with no presumption of correctness. Id. at 457.

Under the Sixth Amendment, when a claim of ineffective assistance of counsel is made, the burden is on the petitioner to show (1) that counsel's performance was deficient and (2) that the deficiency was prejudicial in terms of rendering a reasonable probability that the result of the trial was unreliable or the proceedings fundamentally unfair. Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); see Lockhart v. Fretwell, 506 U.S. 364, 368-72, 113 S. Ct. 838, 842-44 (1993). The Strickland standard has been applied to the right to counsel under Article I, Section 9 of the Tennessee Constitution. State v. Melson, 772 S.W.2d 417, 419 n.2 (Tenn. 1989).

In Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975), our supreme court decided that attorneys should be held to the general standard of whether the services rendered were within the range of competence demanded of attorneys in criminal cases. Further, the court stated that the range of competence was to be measured by the duties and criteria set forth in Beasley v. United States, 491 F.2d 687, 696 (6th Cir. 1974), and United States v. DeCoster, 487 F.2d 1197, 1202-04 (D.C. Cir. 1973). Also, in reviewing counsel's conduct, a "fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Strickland, 466 U.S. at 689, 104 S. Ct. at 2065; see Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982). Thus, the fact that a particular strategy or tactic failed or even hurt the defense does not, alone, support a claim of ineffective assistance. Deference is made to trial strategy or tactical choices if they are informed ones based upon adequate preparation. See DeCoster, 487 F.2d at 1201; Hellard, 629 S.W.2d at 9.

With regard to petitioner's claim that his attorney was ineffective for failing to prepare adequately for trial, the attorney testified that he interviewed witnesses, investigated the case, met with the petitioner and discussed the evidence against him. The petitioner testified that he understood the case and understood the information provided to him by his attorney. The petitioner has failed to show what more his attorney should have done or how he was prejudiced.

The petitioner also claims that his attorney failed to interview or subpoena certain witnesses to testify at his trial. However, the petitioner did not have these persons testify at the post-conviction hearing. Without testimony from the potential witnesses, the petitioner cannot demonstrate that he was prejudiced by his attorney's failure to call them on his behalf. See Black v. State, 794 S.W.2d 752, 757 (Tenn. Crim. App. 1990).

As to the remaining issues, the petitioner failed to argue or present any evidence to support them at the post-conviction hearing and the trial court did not address them in its ruling. Therefore, we hold that these issues are waived. See Tenn. Ct. Crim. App. R. 10(b).

Based on the foregoing and the record as a whole, we affirm the judgment of the trial court.

_____
JOSEPH M. TIPTON, JUDGE